## PORTER vs. HIS CREDITORS.

APPEAL FROM THE COMMERCIAL COURT OF NEW ORLEANS.

Under the act of 1808, although the insolvent failed to deposit his books in the clerk's office at the time of his application, yet he may be permitted to do so as soon thereafter as they were *called for;* even after opposition filed.

Where the opponent alleges *he believes* the insolvent has omitted to put all his property in his schedule, it will not be considered a charge of fraud.

Where the loss of part of the insolvent's books is shown by his affidavit, and an ex parte affidavit, hearsay, and other evidence received without objection, it will suffice.

When there are no creditors *in court,* opposing the discharge of a debtor, under the act of 1808, there is no obstacle to his discharge.

When the opposition does not contain an actual charge of fraud, a Jury need not be empannelled to try it.

The plaintiff filed his petition and schedule, and prayed for the benefit of the insolvent law of 1808, for the relief of debtors in actual custody.

Nathan Nicholls, one of the creditors, made opposition to the insolvent's discharge on several grounds, and alleged, that he believed the debtor had omitted to put down on his schedule all the claims and property belonging to him, &c., and had not deposited his books in the clerk's office, as he was bound to do. He prayed, that the insolvent be denied the benefit of the insolvent law he was seeking.

On the day of trial, the books and documents were brought into court, and deposited with the clerk. The insolvent's affidavit at the foot of a supplemental petition, together with the affidavit letters, and other papers were produced, to show the loss of a portion of his books, kept by him up to August, 1838. A bill of exception was taken to the production of the remaining books on the day of trial, as being too late.

There was judgment by the court, discharging the insolvent, and the opposing creditor appealed.

—— ——for the plaintiff and appellee.

*Collens,* for the opposing creditor, assigned errors.

EASTERN DIS.
May, 1841.

PORTER
vs.
HIS CREDITORS.

*Martin, J.* delivered the opinion of the court.

Nathan Nicholls, an opposing creditor, is appellant from a judgment, which discharges the insolvent from all suits and actions, pending against him, and from all manner of debts, which he may have contracted.

The appellant assigns the following errors:

1. The insolvent did not deposit his books in the clerk's office, as is required by law, when he filed his petition and schedule, but after the return day of the notice to his creditors.

2. Further time was granted to the insolvent, to produce his books, and he was allowed to produce them after the opposition was filed, opposing his discharge.

3. He was allowed to prove the loss of his books, kept by him previous to August, 1838, and to rebut the charge of fraud by ex parte affidavits, hearsay, and other illegal evidence, without allowing the opponent to cross-examine or to make objection.

4. The insolvent was illegally discharged on this ex parte evidence, and without two-thirds of the creditors present in court, consenting thereto; and when in fact the only creditor present, opposed it.

5. No commissioners were appointed, as is required by law, when two-thirds of the creditors present are dissatisfied with the immediate release of the debtor.

6. No Jury was called to try the question of fraud, which was suggested by the opposition.

*Under the act of 1808, although the insolvent failed to deposit his books in the clerk's office at the time of his application, yet he may be permitted to do so as soon thereafter, as they were called for; even after opposition filed.*

I. The act of March 25, 1808, under which the insolvent sought relief, requires, that all his books and accounts shall be deposited in the clerk's office, at the time of his application. We nevertheless think, that the court did not err in permitting the appellee to deposit such books and accounts, as he was in possession of, as soon as they were thereafter called for.

II. The necessary time was properly given the insolvent, to produce his books and accounts, notwithstanding the opposition had been filed.

III. There is no charge of fraud alleged in the opposition; the opponent only says, he believes, that the insolvent has omitted to put all his property in the schedule.

The loss of the books and accounts, previous to August, 1838, was proved by the affidavit of the insolvent, at the foot of his petition,; and by the ex-parte affidavit, hearsay and other evidence, by which a further attempt, to prove the loss, was made, were received without any objection from the appellant.

IV. It does not appear, that any creditor came and opposed the discharge of the insolvent. The record indeed shows, that the appellant's counsel resisted the productions of the books and accounts, kept since the 20th October, 1838, and took his bill of exception to the opinion of the court, permitting the insolvent to deposit them on that day; declining a continuance, which was offered him, to inspect and examine them. This is the last opposition, that appears to have been made in his behalf. The judgment of the court informs us, that no further opposition being made, the insolvent was discharged.

V. It does not appear, that any creditor was present to oppose the immediate discharge of the insolvent. The opposing creditors, spoken of in the 6th section of the act of 1808, 1 Moreau's Dig. 569, are not those, who have filed an opposition, but the creditors who are present in court at the time when the immediate discharge is moved for, and express their dissatisfaction therewith. It does not appear, that any creditor was there, and did so; and the judgment states there was none.

VI. There being no allegation of fraud in the opposition, there was consequently no necessity of empannelling a jury to try it.

It is therefore ordered, adjudged and decreed that the judgment of the Commercial Court be affirmed with costs.

Where the loss of part of the insolvent's books is shown by his affidavit, and an ex-parte affidavit, hearsay and other evidence received without objection, it will suffice.

When there are no creditors in court, opposing the discharge of a debtor, under the act of 1808, there is no obstacle to his discharge.

When the opposition does not contain an actual charge of fraud, a Jury need not be empannelled to try it.