## EDWARD SALZMAN *v.* HIS CREDITORS.

Where on an application by an insolvent for a discharge from custody under the act of 25th March, 1808, the circumstances of the case induce the belief that the applicant, who was a merchant, had kept books or accounts which he has not surrendered, and no good reason is shown for not producing them, his petition will be rejected.

HARRIET WOOSTER is appellant from a judgment of the District Court for the first District, *Buchanan*, J., discharging the insolvent from imprisonment on the condition of his executing an assignment of the property in his schedule, to her in trust for his creditors. In the affidavit annexed to the petition of the insolvent, he swears, that ' the schedule filed by him contains, to the best of his knowledge and remembrance, a full, true, and perfect discovery of all the estate, goods, and effects to him in any way belonging, and of such debts as are due to him, or to any person in trust for him, and of all securities and interests whereby any money may hereafter become payable, or any benefit or advantage accrue to him, or to his use, or to any person or persons in trust for him; and that he has no lands, money, stock, or other estate, real and personal, reversion or expectancy, beside what is set forth in his schedule ; and that he has not directly or indirectly sold, or otherwise disposed of in truts, or concealed any part of his lands, moneys, goods, stocks, debts, securities, contracts, or estates, whereby to secure the same, or to receive as expert any profit or advantage therefrom, or to defraud or deceive any creditor to whom he was in any wise indebted.' The testimony on the trial of the rule, taken by the appellant on the insolvent, to show cause why the order granting a stay of proceedings, and ordering a meeting of his creditors should not be rescinded, is stated in the opinion of the court.

*J. W. Smith*, for the appellant, praying for a reversal of the judgment, submitted the case on the following points: 1. The insufficiency of the affidavit. The insolvent only swearing to the best of his knowledge and belief. Act of 1808, sec. 2, 1 Moreau's Dig. 567. 2. The failure of petitioner, though a merchant, to deposit either his books or accounts in the office of the clerk. Act of 1808, sec. 2, above cited.

GARLAND, J.  The plaintiff being in custody of the sheriff of the parish of Orleans, at the suit of the opponent, applied for the benefit of the act of the 25th of March, 1808, and of the acts amendatory and supplementary thereto, for the relief of debtors in actual custody.  In his petition, he does not allege that he has sustained any losses or been unfortunate in business, but that before he was able to provide for the expenses of his family a suit was brought against him, and he was thereby prevented from exercising his industry and attention to business.  He therefore annexes his schedule, says he has kept no 'books of account,' and asks for a meeting of his creditors and a discharge.  The property on the schedule is much less than the amount of debts stated.  Among the creditors the opponent is mentioned as one for $1750, due for board.  She made opposition to his discharge.

I. Because the affidavit at the foot of the petition is insufficient and irregular.

II. Because the insolvent is a merchant or trader, and has not deposited in court either his books or accounts.

III. Because the schedule is insufficient and irregular.

The first and third grounds of objection present no serious cause why the petitioner should not be discharged from custody.  The affidavit is in the language prescribed by the statute, and the schedule substantially complies with its provisions.

The second objection is more serious, and we think decisive of the claims of the petitioner.  The evidence shows that he and a man named Bleker, entered into a partnership *in commendam*, by which the former was to transact business in New Orleans, under the name of Salzman & Co., and the other in St. Louis, or some other place in the western states, in the name of W. H. Bleker & Co.  What capital was invested, is not shown or stated; but the parties were not to be bound for each other, for more than five thousand dollars.  By the contract of partnership, *just and true books of accounts were to be kept in each establishment, in which all the transactions of each house were to be duly and faithfully recorded and entered from day to day*; on the last day of each month a balance sheet was to be made out, and exchanged between the partners, and the profits duly credited; the business according to the contract, was to be conducted upon strict mercantile principles.

The operations of the firm commenced on the 25th of February, 1839, and the application for relief was filed on the 11th of May following. In the petition it is stated that no books were provided. A witness states that he was in the same office with Salzman, and never saw any commercial books kept by him; that he did very little business, and that it did not require a set of books; but two consignments were received, and they were disposed of very soon. On the other side, it it shown by the schedule that Salzman had counting house furniture valued at $500; that he had an office or counting room; and among his creditors we see the name of a well known stationer in this city, and a statement, that the debt due, was for stationary. By the terms of the act of partnership Salzman was bound to keep true and correct books. As a general principle well known among commercial men, it was his duty to have kept them, and the law under which relief is sought requires the books and accounts to be surrendered. 1 Moreau's Dig. 56–7.

It is very remarkable, that the petitioner should have supplied himself with so many necessaries and conveniences in his counting room, and have omitted one so essential as a set of books, or one book at least.

The omission of a merchant or trader to keep his accounts and stransactions in books that can be examined when necessary, is a very suspicious circumstance at all times, and peculiarly so in this case, in which a discharge is asked from a debt owing for the food and support of the petitioner and his family.

All the circumstances of this case induce us to believe that the petitioner had some books or accounts, which he has not surrendered, notwithstanding the witness says he never saw them, which is possibly true; and as he has shown no reason to excuse the non-production of them, we think the district judge erred in overruling the opposition, and discharging the petitioner. 18 La. 495.

The judgment of the district court is therefore reversed, the opposition sustained, and the application of the petitioner rejected with costs.